IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARL EDWARD LAMB, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-16-CV-292-KC-ATB |
| | § | |
| CPI CAMACHO, | § | |
| CPI F. ESTRADA, | § | |
| OFFICER WILKS, | § | |
| OFFICER A. SALAZAR, and | § | |
| OFFICER D. ACUNA, | § | |
|     Defendants. | § | |

## ORDER

On this day, the Court considered the status of the above-styled and numbered cause. As there are various pending motions relating to discovery, the Court will address each in turn.

**A.**     **Defendants' Objections**

On May 9, 2017, Plaintiff Carl Edward Lamb filed a "Notice to the Court." (ECF. No. 124). Although captioned as a "Notice," Plaintiff essentially seeks to compel discovery of an audio CD containing communications dated May 25, 2016. (ECF. No. 124). Defendants, acknowledging that Plaintiff's Notice is essentially a Motion to Compel, objected to the styling of Plaintiff's Motion to Compel (ECF. No. 125) and responded by seeking a protective order (ECF. No. 126). However, because the issue is fully briefed, the Court, in its discretion, finds that the issue should be decided on the merits.[1] *See e.g., Chambliss v. Ashcroft*, 2005 U.S. Dist. LEXIS 3680, at *1 (N.D. Tex. 2005) (construing a "notice" as a motion when filed by a *pro se* litigant). Accordingly, the Court construes Plaintiff's "Notice" as a Motion to Compel and overrules Defendant's objections.

---

[1]     Moreover, although Defendants object to the styling of Plaintiff's Motion to Compel, Defendants themselves inappropriately captioned their objections as a "notice." (ECF. No. 125)

**B.     Plaintiff's Motion to Compel & Defendants' Motion for Protective Order**

In Plaintiff's Motion to Compel, Plaintiff notes that he wishes to file an audio CD in support of his Motion for Summary Judgment. (ECF. No. 124). However, Plaintiff alleges that Defendants refuse to provide him with the CD as he "may use it as a weapon." *Id*. Accordingly, Plaintiff seeks to compel Defendants to produce a copy of the CD to both himself and the Court. *See id*.

Defendants respond by seeking a protective order preventing the disclosure of the CD. (ECF. No. 126). Specifically, Defendants seek to produce a transcript of the relevant portions of the CD, rather than produce the CD itself to Plaintiff, as: (1) "Plaintiff claims that he has intentionally mutilated himself with sharp objects and a CD could easily be broken into pieces and used as a weapon for Plaintiff to harm himself or others[;]" (2) redacting the portions of the CD relating to other inmates is necessary to protect the privacy of third parties; and (3) producing the transcript to Plaintiff relieves Defendants of "any perceived obligation to 'support' Plaintiff's Motion for Summary Judgment." *Id*. at 4-5. Plaintiff responds that: (1) he is "entitled" to the CD as an item of discovery; (2) other inmates are allowed access to CDs in the law library; (3) Defendants' safety concerns are unfounded as, under jail policy, having a CD placed in Plaintiff's personal property does not allow him access to the CD in his cell; and (4) allowing Defendants to prepare the transcript may result in unreviewable errors. (ECF. No. 128). Defendants reply that, contrary to Plaintiff's assertions, "the jail does not have the resources to provide Plaintiff an opportunity to listen to the CD (and neither does defense counsel)." (ECF. No. 129).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling

production or inspection. Fed. R. Civ. P 37(a)(3)(B)(iv). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Specific to electronically stored files, as is the case with the audio files at issue, the party must generally produce the files in their ordinary format. Fed. R. Civ. P. 34(b)(2)(E)(i)-(ii).

Rule 26(c) governs protective orders and provides that "[a] party or any person from whom discovery is sought may move for a protective order . . . ." Fed. R. Civ. P. 26(c)(1). Rule 26(c) further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). Thus, the Court may, *inter alia*, "forbid[] the disclosure or discovery;" "specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery;" or "prescribe[e] a discovery method other than the one selected by the party seeking discovery . . . ." Fed. R. Civ. P. 26(c)(1)(A)-(C).

First, the Court notes that Defendants do not contest the relevance of the CD. The CD allegedly involves communications between Plaintiff and the guard station on May 25, 2016.

(ECF. No. 126, p. 3). As noted in the Court's Report and Recommendation, Plaintiff's notification to Defendants Acuna, Salazar, and Wilks of his open lacerations is critical to his deliberate indifference claims arising from the May 25, 2016 incident. (Compl. ¶¶ 36-42; *see* ECF. No. 56, p. 23-24). Accordingly, the Court finds that Plaintiff's discovery request is relevant.

Second, the Court agrees with Defendants that allowing Plaintiff unsupervised access to a CD may pose security concerns, and the Court will defer to the jail's safety judgment in this respect. (*See* ECF. No. 81, p. 5) ("[L]imiting Plaintiff's access to sharp objects will assist in the prevention of Plaintiff's potential suicide, particularly as Plaintiff alleges that he has previously cut himself with sharp objects in the El Paso County Detention Facility."). Accordingly, insofar as Plaintiff seeks unsupervised access to the CD itself, the Court finds good cause exists to prevent Plaintiff from accessing the CD.

However, while production of the CD itself is inappropriate, numerous other possibilities exist wherein Defendants could provide Plaintiff with access to the audio recordings. Specifically, as suggested by Commander Wendy Wisneski in an email to Defense counsel, "if [defense counsel] can provide a laptop . . . , we can let [Plaintiff] listen [to the audio recording] in [the] visitation [room]." (ECF. No. 129-1, p. 2). Based on Commander Wisneski's email, the Court finds that a supervised in-person review of the audio recordings satisfies Defendants' concerns regarding Plaintiff's safety and Plaintiff's concerns about listening to the audio firsthand.[2] (*See* ECF. No. 128, p. 2). Moreover, ordering an in-person review of the audio recordings satisfies the general rule to produce electronic files in their ordinary format. *See* Fed.

---

[2] In addition, ordering an in-person review of the audio recordings also prevents the apparent dispute over which party is financially responsible for preparing the transcript. (*See* ECF. No. 128, p. 2).

R. Civ. P. 34(b)(2)(E)(i)-(ii). Accordingly, the Court finds that the unique demands of this litigation provide good cause for ordering an in-person review of the audio recordings.

Indeed, in the *pro se* inmate context, Courts routinely require defense counsel to provide plaintiffs with access to audio recordings. Ruling on an identical issue, United States Magistrate Judge R. Clarke VanDervort required defense counsel to review audio recordings with a *pro se* inmate. *Douty v. Rubenstein*, 2015 U.S. Dist. LEXIS 44627, at *31 (S.D. W. Va. 2015) ("Defendants are ORDERED . . . [to] review the audio recording with the Plaintiff in person, at some point prior to the conclusion of the discovery period."); *see also Coit v. Zavaras*, 2012 U.S. Dist. LEXIS 152114, at *1-2 (D. Colo. 2012) (ordering copies of audio recordings be provided to a *pro se* inmate litigant); *Gilreath v. Cumberland Cty. Bd. of Educ.*, 2014 U.S. Dist. LEXIS 105904, at *9 n.4 (E.D.N.C. 2014) ("Plaintiff's *pro se* status, in and of itself, is not enough to support a finding that the failure to produce the audio recording was substantially justified."). Accordingly, in line with this case law, the Court finds that defense counsel should be required to review the audio recordings with Plaintiff.

Lastly, while Defendants object to producing calls relating to other inmates on "privacy" grounds, the Court finds that this argument is without merit. First, although Plaintiff references the CD in its entirety (ECF. No. 124), it is clear from the context of Plaintiff's Request for Production No. 3 that Plaintiff is only requesting intercom calls relating to himself. (ECF. No. 126, p. 3) (Requesting "[a]ll calls from Separation 8 Cell #2 to the guard station on May 25, 2016 from 6:20 PM – May 26, 2016 7:30 A:M . . . ."). Second, this argument is waived because Defendants failed to assert it in their response to Plaintiff's Request for Production No. 3. (ECF. No. 126, p. 3-4); *see Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999); *Pulsecard, Inc.*

*v. Discover Card Servs.*, 168 F.R.D. 295, 303 (D. Kan. 1996). As such, the Court finds that Defendants' argument is without merit.

C.   **Plaintiff's Notice Requesting Oral Argument**

Similarly, on May 5, 2017, Plaintiff filed a "Notice Requesting Oral Argument" (ECF. No. 123-2). In Plaintiff's Notice, Plaintiff informs the Court that there is camera footage relevant to his Motion for Summary Judgment and requests an oral argument on the matter. (ECF. No. 123-2). At this time, the Court does not find an oral argument necessary for the adjudication of Plaintiff's Motion for Summary Judgment. Accordingly, the Court finds that Plaintiff's Notice should be denied.

It is unclear whether Plaintiff or Defendants are in possession of this camera footage, particularly given the discovery dispute noted above. If Plaintiff is in possession of the footage and wishes the Court to consider it in adjudicating his Motion for Summary Judgment, Plaintiff may submit the camera footage to the Clerk of Court as a supplement to his Motion for Summary Judgment. If Plaintiff is unable to provide the Court with the camera footage, he shall file an appropriate motion to that effect.

D.   **Conclusion**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF. No. 124) and "Defendants' Opposed Motion for Protective Order" (ECF. No. 126) are **GRANTED IN PART and DENIED IN PART** as follows:

- **IT IS HEREBY ORDERED** that Defendants need not produce the physical CD in question to Plaintiff.

- **IT IS FURTHER ORDERED** that Defense counsel, or his agents, shall review the audio recording with Plaintiff in person **within thirty (30)**

**days of this Order**. Review of the audio recording may take place on a laptop, tablet, radio, or other electronic means as deemed appropriate by prison officials.

- **IT IS FURTHER ORDERED** that, should Plaintiff wish the Court to consider the audio recording in adjudicating his Motion for Summary Judgment, he shall file an appropriate motion **within ten (10) days of reviewing the audio recording**.

**IT IS ALSO ORDERED** that "Plaintiff[']s Notice Requesting Oral Argument" (ECF. No. 123-2) is **DENIED**.

**IT IS LASTLY ORDERED** that Defendants' Objections (ECF. No. 125) are **HEREBY OVERRULED**.

**SIGNED** and **ENTERED** this 22th day of May, 2017.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**